## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

In re: VIVIAN LEE EVANS,　　　　　　　　Case No.:　9:10-bk-24579-DHA
　　　　　　　　　Debtors.　　　　　　　　　　Chapter　7
----------------------------------------/　　　J.B. Vol. 15, No. 2202

**MEMORANDUM OF DECISION ENJOINING
JASMINE S EWING AND/OR
BEST CHOICE DIVORCE AND BANKRUPTCY CENTER
FROM ACTING AS A BANKRUPTCY PETITION PREPARER IN ANY
BANKRUPTCY COURT IN THE UNITED STATES OF AMERICA**

Jasmine S. Ewing assisted the debtor in preparing the petition, schedules, statements, and lists associated with this chapter 7 bankruptcy filing. Ms. Ewing does business over the internet as an entity known as Best Choice Divorce and Bankruptcy Center, with the internet url of http://www.bestchoicedivorceandbankruptcy.com. Ms. Ewing prepares those bankruptcy documents for her customers for a fee. Ms. Evans hired Ms. Ewing to act as her Bankruptcy Petition Preparer, ("BPP") in connection with filing for bankruptcy relief, and the debtor paid Ms. Ewing a total of $499.00 for her services, which was paid prior to the commencement of the case. Ms. Evans filed her chapter 7 bankruptcy case with this Court on October 12, 2010. Although Ms. Ewing discloses her participation as a BPP in her work product, there is no disclosure of her association with Best Choice Divorce and Bankruptcy Center in the bankruptcy case filings.

While Ms. Evans was the debtor in this instant case, this decision does not involve any examination of the debtor's actions, assets, liabilities, or financial condition. Rather, this memorandum of decision focuses upon the practices of, and fees charged by, Ms. Ewing. In connection with a routine review of this Court's filings, this Court discovered Ms.

Ewing's written disclosure of compensation filed in this case. *See* (Doc. No. 1, pg 58 of 66). Based upon this Court's familiarity with the fees charged in the numerous cases filed annually with the help of non-lawyer bankruptcy petition preparers, Ms. Ewing's disclosure gave this Court pause. From the information contained in the disclosure, it appears to this Court that Ms. Ewing's total fee ($499.00) was quite high compared to other BPP services this Court routinely reviews in its case filings.

Because of Ms. Ewing's compensation, this Court was concerned that the fee may be excessive in relation to the value of the typing services a BPP may legitimately perform under Section 110, title 11, United States Code. Alternatively, this Court was apprehensive that the BPP in this instance, in order to justify a high fee, may have provided services in excess of those permitted by the Bankruptcy Code and other applicable law. On October 18, 2010, this Court was compelled to act on its own and issued an order to show cause, ("OSC"), to the BPP regarding the fees. *See* OSC (Doc. No. 12). This Court's OSC notified Ms. Ewing that:

> [i]t appears that the Debtor received assistance in filing the voluntary petition, from Jasmine S. Ewing ("Ewing"), a bankruptcy petition preparer. It appears that Ewing received the sum of $499.00 as for services, which may be deemed excessive pursuant to §110(h)(2) of the Bankruptcy Code, and therefore, the Court is satisfied that it is appropriate for Ewing to appear before the undersigned and show cause, if cause exists, why this Court should not disallow and order the immediate turnover to the bankruptcy trustee or the Debtor any excessive fee received within twelve months immediately prior to the filing of the case. As an alternative to appearing as set forth below, Ewing shall refund to the Debtor $499.00 less $175.00 (the amount the Court will allow for such services), that is $324.00, by ten days before the scheduled hearing and file a certificate of compliance with the Court.

*See* OSC at 1 (Doc. No. 12). Under this Court's OSC, Ms. Ewing was compelled to either appear before this Court at a hearing to show that she had not violated the relevant Bankruptcy Code restrictions under Section 110, or to disgorge and refund $324.00 to the debtor and file a certification of such disgorgement and refund. Through the Bankruptcy Noticing Center, ("BNC"), the Clerk of this Bankruptcy Court served the OSC upon Ms. Ewing at the address Ms. Ewing provided on her BPP disclosures, to wit: 9999 W. Katie Avenue, Las Vegas, Nevada 89147-8347. *See* BNC Ntc (Doc. No. 15).

Ms. Ewing did not file a certificate of compliance with this Court indicating that she had refunded $324.00 back to the debtor. The hearing on the OSC took place on November 17, 2010 at 2:00 p.m. before the undersigned bankruptcy judge. Ms. Ewing did not appear at that hearing on this Court's OSC. Without response by Ms. Ewing, this Court found cause existed and on November 22, 2010 ordered the disgorgement of $324.00 from Ms. Ewing to be paid to the debtor within fourteen days of the entry of that order and certificate of compliance filed with the Court. *See* Order (Doc. No. 19). The Clerk of this Bankruptcy Court served Ms. Ewing through BNC service on the address Ms. Ewing provided on her BPP disclosures. *See* BNC Ntc. (Doc. No. 20).

That time period came and went with no certificate of compliance had been filed with this Court indicating that Ms. Ewing had disgorged $324.00 to the debtor. Under the provisions of the November 22, 2010 order, this Court would consider further sanctions as may be appropriate should Ms. Ewing fail to timely comply. This Court issued its second and final OSC on January 20, 2011 to Ms. Ewing due to her failure to comply with this

Court's November 22, 2010 disgorgement order.  *See* OSC II (Doc. No. 21).  In OSC II, this Court compelled Ms. Ewing to "appear and show cause why sanctions should not be imposed on here, including, barring her from filing any future voluntary petitions."  *See* OSC II (Doc. No. 21).

This Court's OSC II was served upon Ms. Ewing, through BNC service.  *See* BNC Ntc (Doc. No. 22).  Hearing on this Court's OSC II was held on February 16, 2011 at 3:30 p.m.  Present for that hearing was J. Steven Wilkes, Trial Attorney on behalf of the United States Trustee for Region 21.  Neither Ms. Ewing nor any attorney appeared for or on behalf of Ms. Ewing.  This Court admitted two exhibits into evidence and heard argument from the United States Trustee.  Upon a review of the case record, the case filings in the Middle District of Florida, the exhibits, and oral arguments, this Court intends this Memorandum to constitute its findings of facts and conclusions of law.  *See* Fed. R. Bankr. P. 7052 and 9014.

In the case at bar, this Court issued two orders to show cause as well as a disgorgement order directed to Ms. Ewing and her actions as a BPP under Section 110.  Ms. Ewing did not comply the orders of this Court.  This Court is now faced with formulating a sanction under Section 110 as she is a BPP and operates an internet BPP whose clients necessarily may file cases within the jurisdiction of the Middle District of Florida.

Ms. Ewing and Best Choice Divorce and Bankruptcy Center are not BPPs in a vacuum.  Were they, the Middle District of Florida would never have had the occasion to enter orders to show cause.  Ms. Ewing places her services as a BPP in the global stream of

commerce, through the internet.  Her services as a BPP therefore would be available to any individual or entity desiring to file bankruptcy in any United States Bankruptcy Court.

A review of the Tampa and Fort Myers Divisions of the Middle District of Florida indicate that Ms. Ewing has recently also been the subject of other orders to show cause for her fees as a BPP.[1]  In both *Lucio* and *Carr*, the Bankruptcy Court for the Middle District of Florida has issued orders to show cause which Ms. Ewing, to date, has neither responded to nor complied with to either appear and show cause or to refund fees to the debtors and to certify such to the Bankruptcy Court.  Through the United States Case Party Index Search, PACER service, Ms. Ewing has been associated as a BPP on cases commenced in no less than nine (9) other districts.[2]  *See* UST Exhibit 2.  Further, Ms. Ewing and her internet BPP, Best Choice Divorce and Bankruptcy Center, has been permanently enjoined in two other districts.  *See* UST Exhibit 1.

This Court is charged with enforcing the provisions of Section 110 of the Bankruptcy Code.  In reviewing the file in this instant case, this Court observed, based upon her written disclosure, that Ms. Ewing had charged the debtor $499.00 for acting as the debtor's BPP.  Further, Ms. Ewing not only charged, but also accepted and received $499.00 from the debtor

---

[1] *See In re Angel Lynne Lucio*, 8:10-bk-30628-CPM, *see also In re Chancy Jerome Carr*, 8:10-bk-30637-CPM.  These cases are not pending before the undersigned Bankruptcy Judge.  They are illustrative of the work product of Ms. Ewing and her position in the stream of commerce as a BPP operating under Section 110.

[2] The Bankruptcy Clerk for the Middle District of Florida does not at this time associate BPPs with case filings.  Other Bankruptcy Clerks do provide association of the BPP with case filings through the BPPs statutorily required disclosure of their social security number(s).  *See* 11 U.S.C. §§110(b)(1), 110(c)(1), 110(c)(2)(A), and 110(c)(2)(B).

prior to the filing of Ms. Ewing's disclosure. However, the statement of financial affairs Ms. Ewing prepared for the debtor fails to disclose this pre-petition agreement and payment from the debtor to Ms. Ewing for "preparation of the petition in bankruptcy." *See* Stmt. Fin. Affairs, Stmt. 9 (Doc. No. 1, pg 31 of 66).

The fee Ms. Ewing charged, accepted, and received is a higher fee than charged by a BPP based upon this bankruptcy judge's experiences.[3] Section 110(h)(3) directs this Court to disallow BPP fees found to be in excess of the value of the services rendered for the documents prepared. The BPP, as the party seeking fees in this case, bears the burden of proof and persuasion to establish that she is entitled to those fees once a question regarding their reasonableness has been raised. On no less than three separate occasions, this Court provided Ms. Ewing with notice of this Court's concerns in regard to the fees charged. Ms. Ewing was requested to provide more information, refund the excessive amount, and/or appear before this Court to explain and defend the amount charged. Ms. Ewing did not take advantage of any of these opportunities.

The reasoning behind why this Court is concerned with a BPP's fees of $499 for preparation of the bankruptcy petition, schedules, and statements in the "normal" consumer bankruptcy case is best described by the Idaho bankruptcy court:

> A BPP can rightfully perform for debtors only the modest service of transcribing or typing bankruptcy forms that the debtors alone must prepare without assistance. The development of the law makes clear that other sorts

---

[3] The undersigned bankruptcy judge is presently sitting in the Middle District of Florida under temporary recall. Prior to that recall, the undersigned was a United States Bankruptcy Judge in the Eastern District of Virginia.

> of services are improper, and those services can perforce not be compensated. The charging of a fee which is in excess of the value of a BPP's properly limited services can, in and of itself, mislead debtors into believing that they are receiving (or are entitled to receive) services in excess of what §110 actually allows...The Court concludes that the proper reference point is what professional typists or word processors would charge. These are the kinds of services most comparable to what a BPP may legally do.

*See In re Bush*, 275 B.R. 69, 84-85 (Bankr. D. Idaho 2002). The Idaho bankruptcy court provides the basis of why a BPP can only provide typing services to a prospective debtor and no other assistance:

> [A] bankruptcy petition preparer cannot assist the debtor in completing forms, provide legal advice that would assist a prospective debtor in making determinations as to which type of bankruptcy to file or which exemptions to take, or direct clients to particular legal publications or specific pages so that they can attempt to find legal answers on their own. The very act of directing a prospective debtor to review a particular section of a legal book in and of itself constitutes legal advice. By focusing on one answer and excluding others, the bankruptcy petition preparer steps over the line.

*See Bush*, 275 B.R. at 78-79. This Court agrees with this analysis and concern arising from a BPP charging $499 for typing services. A BPP's compensation is limited to typing services. After consideration at its OSC hearings, this Court ordered Ms. Ewing to disgorge $324 to the debtor upon finding that the $499 fee charged the debtor by Ms. Ewing exceeds the reasonable value of the typing services she could properly provide the debtor in this case. Agreeing to, accepting, and receiving fees in excess of the reasonable value for typing services is a violation of Section 110. Ms. Ewing's failure to comply with this Court's disgorgement order under Section 110 likewise is a violation of the provisions of title 11 and invokes this Court's own contempt powers.

Violation of any of the provisions of Section 110 gives rise to liability.  In accordance with Section 110(j), this Court finds that the BPP, Ms. Ewing, and her internet based business, Best Choice Divorce and Bankruptcy Center, have engaged in conduct in violation of Section 110.  This Court finds that the BPP, Ms. Ewing, has not disgorged the $324 ordered by this Court on November 22, 2010 to be paid to the debtor.  This Court further finds that the BPP, Ms. Ewing has failed to comply with the orders of this Bankruptcy Court.  Pursuant to Section 110(j)(2)(B), this Court finds and concludes that the BPP, Ms. Ewing, and her internet based business, Best Choice Divorce and Bankruptcy Center, be enjoined from further acting as a bankruptcy petition preparer.

In accordance with Section 110(j)(3), this Court finds and concludes that Ms. Ewing and her internet based business has received sufficient and adequate notice and opportunity to be heard in this matter and under this Court's own contempt powers enjoins the BPP, Ms. Ewing and her internet based business, Best Choice Divorce and Bankruptcy Center, from acting as a bankruptcy petition preparer in any court in the United States of America.

Accordingly, upon the foregoing and for good cause found;

**IT IS ORDERED, ADJUDGED,** and **DECREED** that the Bankruptcy Petition Preparer, Ms. Jasmine S. Ewing, and the business, Best Choice Divorce and Bankruptcy Center, conducting business and operating through the internet url of http://www.bestchoicedivorceandbankruptcy.com, be and are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

A.  Acting as a Bankruptcy Petition Preparer in the Middle District of Florida, or any other District, jurisdiction, Bankruptcy Court, or District Court within the United States of America, (collectively "the United States of America" hereinafter);

B.  Engaging in fraudulent, deceptive, and/or unfair conduct including, but not limited to falsely representing themselves to be able to quickly and cost effectively prepare acceptable bankruptcy documents for filing with a court in the United States of America;

C.  Acting or engaging, whether over the internet, via e-mail, computer software, any other electronic transmission, or by any other means, in any conduct in violation of Section 110, title 11, United States Code, in the United States of America;

D.  Acting or engaging, whether over the internet, via e-mail, computer software, any other electronic transmission, or by any other means, in any conduct in violation of the Bankruptcy Code and Rules or the Local Rules of any Bankruptcy Court in the United States of America; and

E.  Acting or engaging in the sale or license of any software, book, pamphlet, or other publication , whether orally or in writing, with or without compensation, concerning or regarding bankruptcy relief with regard to the preparation of any document for filing within the meaning Section 110, title 11, United States Code, in connection with any actual or potential case under

title 11, United States Code, commenced or pending, or potentially to be commenced or pending, in the United States of America.

**IT IS FURTHER ORDERED, ADJUDGED,** and **DECREED** that jurisdiction of this matter is hereby retained by this Court.  In the event that either Ms. Ewing or Best Choice Divorce and Bankruptcy Center violates this judgment, injunction, and restraining order, they may be subject to contempt citations, further sanctions and/or further discipline as this Court deems proper.  Failure to comply with the terms of this judgment, injunction, and restraining order may result in a finding that the entity(ies) and/or individual(s) are in civil contempt, which could result in the assessment of additional fines, penalties, sanctions, or further relief.

**IT IS FURTHER ORDERED** and **DIRECTED** that the Clerk of the United States Bankruptcy Court for the Middle District of Florida shall enter and record this Consent Judgment in accordance with Fed. R. Bankr. P. 5003(c).

**DONE** and **ENTERED** in Chambers on April 08, 2011

April 08, 2011
I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL.
UNITED STATES BANKRUPTCY COURT
LEE ANN BENNETT, CLERK
Lidia Celli

_____
**DAVID H. ADAMS**
United States Bankruptcy Judge

Copies furnished:
All parties.